UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROYNELL TERRY HALL,

    Petitioner,

v.

CONNIE GIPSON, Warden,

    Respondent.

Case No. 13-cv-05290-JST (PR)

**ORDER ON INITIAL REVIEW**

## INTRODUCTION

Roynell Terry Hall, a prisoner at Corcoran State Prison, filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the Court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases. He has paid the $5.00 filing fee.

## BACKGROUND

Hall's petition discloses that he was convicted in Santa Clara County Superior Court of possession and transportation of cocaine and possession of marijuana for sale. He was sentenced to 6 years and 8 months in prison. He appealed; his conviction was affirmed by the California Court of Appeal and his petition for review was denied by the California Supreme Court in 2012.

Hall reports that he did not file any state habeas petitions before filing this action.

## DISCUSSION

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue

1   an order directing the respondent to show cause why the writ should not be granted, unless it
2   appears from the application that the applicant or person detained is not entitled thereto." 28
3   U.S.C. § 2243.  Summary dismissal is appropriate only where the allegations in the petition are
4   vague or conclusory, palpably incredible, or patently frivolous or false.  See Hendricks v.
5   Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

6   Hall alleges three claims in his petition.  In Claim 1, he alleges that "cumulative
7   prosecutorial misconduct" violated his right to due process.  In Claim 2, he contends he received
8   ineffective assistance of counsel.  In Claim 3, he contends that the prosecutor unconstitutionally
9   barred admission of exculpatory and mitigating evidence.

10  The petition has two threshold problems which require Hall's further attention before the
11  court can determine whether to require a response from respondent.  First, in Claim 1, Hall fails to
12  name any instance of the alleged prosecutorial misconduct.  The description of the claim is simply
13  too short for the court to evaluate whether a claim for a constitutional violation has been stated.  If
14  an order to show cause were issued, respondent would be unable to formulate an answer.  Hall
15  therefore must file an amended petition in which he provides more detail for the claim.  Hall must
16  specify what exactly the prosecutor did and how each act of alleged misconduct deprived him his
17  right to a fair trial.

18  If a claim has been raised in a state appellate brief written by an attorney, it is usually
19  sufficient for the petitioner to submit a copy of that state appellate brief to present his claim to this
20  court. (This is because an appellate attorney usually will have provided an adequate explanation
21  of the facts and law, as well as citations to the record so that the reviewing court may examine the
22  claim.)  On the other hand, when a petitioner presents a claim that has not been presented in state
23  court by an attorney, he must describe the facts that show the alleged constitutional violation, must
24  cite to the record if possible, and may cite to relevant case authority in support of the claim.  While
25  Hall's petition references an attached copy of his opening brief on appeal, there is nothing in the
26  attachments to the petition describing the alleged constitutional violation.

27  Second, there is an exhaustion problem.  Hall states that Claim 3 has not been presented to
28  any other court. (Petition at 6.)  Hall's petition contains both exhausted and unexhausted claims

2

and therefore is what is referred to as a "mixed" petition. See Rhines v. Weber, 544 U.S. 269, 277 (2005).  The court cannot adjudicate the merits of a habeas petition containing any claim as to which state remedies have not been exhausted, such as a mixed petition.  See Rose v. Lundy, 455 U.S. 509, 522 (1982).

It also appears that Claim 2, regarding petitioner's alleged ineffective assistance of counsel ("IAC"), may not have been fully exhausted.  The court has compared the opinion of the California Court of Appeal on direct review with the petition to determine whether all the claims in the latter were included in the former.  It appears that Hall presented to the California Court of Appeal only part of his IAC claim, i.e., that counsel was ineffective in failing to object to the prosecutor's reference to:  (1) a separate felony case then pending against petitioner and (2) a certified copy of a 2002 booking sheet containing Hall's identifying information.  See People v. Hall, No. H037200, 2013 WL 226976 *4-7 (Cal. Ct. App. Jan. 15, 2013).  The other subparts of the IAC claim appear unexhausted.[1]

This court observes that parts of Claim 2 appear to be unexhausted (rather than determines that they are unexhausted) because the record before the Court does not show whether petitioner raised the additional IAC claims in his petition for review filed in the California Supreme Court. If the additional claims were not presented to the California Supreme Court, they are unexhausted, and petitioner should follow the instructions below regarding unexhausted claims.

Due to a critical one-year statute of limitations on the filing of federal habeas petitions under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), see 28 U.S.C. § 2244(d), the Court is reluctant to dismiss the mixed petition (and possibly cause a later-filed petition to be time-barred) without giving Hall the opportunity to elect whether to proceed with just his exhausted claims, or to try to exhaust the unexhausted claims before having this court

---

[1] In Claim 2 in the petition, Hall contends that counsel was ineffective in that he: (a) was not prepared for trial; (b) failed to conduct an appropriate investigation; (c) refused to review the transcript and evidence from a prior trial; (d) failed to raise objections at trial; (e) failed to interview petitioner's only witness; (f) failed to uncover exculpatory and mitigating evidence; and (g) failed to discuss strategy and tactics with petitioner. (Petition at 17.)

3

consider all his claims. Accordingly, instead of an outright dismissal of the action, the Court will allow Hall to choose whether he wants to:

   (1) dismiss the unexhausted claims and go forward in this action with only the exhausted claims, or

   (2) dismiss this action and return to state court to exhaust all claims before filing a new federal petition presenting all of his claims, or

   (3) file a motion for a stay of these proceedings while he exhausts his unexhausted claims in the California Supreme Court.

Hall is cautioned that the options have risks which he should take into account in deciding which option to choose. If he chooses option (1) and goes forward with only his exhausted claims, he may face dismissal of any later-filed petition. See 28 U.S.C. § 2244(b). If he chooses option (2), dismissing this action and returning to state court to exhaust all claims before filing a new federal petition, his new federal petition might be rejected as time-barred. See 28 U.S.C. § 2244(d). If he chooses option (3), he must file a motion in this court to obtain a stay and (if the motion is granted) then must act diligently to file in the California Supreme Court, to obtain a decision from the California Supreme Court on his unexhausted claim(s), and to return to this court. And under option (3), this action stalls: this Court will do nothing further to resolve the case while petitioner is diligently seeking relief in state court.

In Rhines, the U.S. Supreme Court discussed the stay-and-abeyance procedure for mixed habeas petitions.[2] The Court cautioned district courts against being too liberal in allowing a stay

---

[2] There is an alternate stay procedure for a petitioner who has some unexhausted claims he wants to present in his federal habeas action, but it often is unhelpful because statute of limitations problems may exist for claims that are not sufficiently related to the claims in the original petition. Under the procedure outlined in Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003) overruled on other grounds by Robbins v. Carey, 481 F.3d 1143 (9th Cir. 2007), "(1) a petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition." King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009) (citing Kelly, 315 F.3d at 1070-71). A petitioner seeking to avail himself of the Kelly three-step procedure is not required to show good cause as under Rhines, but rather must show that the amendment of any newly exhausted claims back into the petition satisfies both Mayle v. Felix, 545 U.S. 644, 664

because a stay works against several of the purposes of the AEDPA in that it "frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceeding" and "undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition." Rhines, 544 U.S. at 277. A stay and abeyance "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," the claims are not meritless, and there are no intentionally dilatory litigation tactics by the petitioner. Id. at 277-78. Any stay must be limited in time to avoid indefinite delay. Id. Reasonable time limits would be 30 days to get to state court, as long as reasonably necessary in state court, and 30 days to get back to federal court after the final rejection of the claims by the state court. See id. at 278; Kelly v. Small, 315 F.3d at 1071. If Hall moves for a stay, he must show that he satisfies the Rhines criteria or must comply with the King/Kelly requirements.

## CONCLUSION

Petitioner must file, within **thirty (30) days** of this order, a notice in which he states whether he elects to: (1) dismiss the unexhausted claims and go forward in this action with only the remaining claims, or (2) dismiss this action and return to state court to exhaust all of his claims before returning to federal court to present all of his claims in a new petition, or (3) move for a stay of these proceedings while he exhausts his state court remedies for the unexhausted claims. If he chooses Option (1) or Option (2), his filing need not be a long document; it is sufficient if he files a one-page document entitled "Election By Petitioner" and states simply: "Petitioner elects to proceed under Option ___ provided in the court's Order On Initial Review." Petitioner would have to insert a number in place of the blank space to indicate which of the first two options he chooses. If he chooses Option (3), petitioner must file within **thirty (30) days** of this order, a motion for a stay in which he explains why he failed to exhaust his unexhausted claims in state court before presenting them to this court, that his claims are not meritless, and that he is not intentionally delaying resolution of his constitutional claims. If he wants to file a motion under King/Kelly to

---

(2005), by sharing a "common core of operative facts" and Duncan v. Walker, 533 U.S. 167 (2001), by complying with the statute of limitations. King, 564 F.3d at 1141-43.

5

1  amend his petition (to delete the unexhausted claim) and to stay this action while he exhausts state
2  court remedies for the unexhausted claims, he must do so within **thirty (30) days** of this order.  If
3  petitioner does not choose one of the three options or file a motion by the deadline, the court will
4  dismiss the claims that petitioner admits are unexhausted.  If the court is mistaken and the
5  additional IAC claims have already been presented to the California Supreme Court, petitioner
6  must so inform the court with the **thirty (30) day** deadline.

7  Petitioner also must file within **thirty (30) days** of this order, an amended petition in
8  which he states the alleged prosecutorial misconduct on which his Claim 1 is based and provide a
9  brief description of the facts in support of the claim.  As noted above, petitioner may attach a copy
10  of his state appellate brief to present this claim.  <u>The Clerk shall send petitioner a copy of the
11  court's form for section 2254 petitions for petitioner to use for filing the amended petition, if he
12  wishes.</u>

13  **IT IS SO ORDERED.**

14  Dated:  January 27, 2014

_____
JON S. TIGAR
United States District Judge